Richard L. Schwartz (TX Bar No. 17869500)
(Pro Hac Vice Pending)
**WHITAKER CHALK SWINDLE
  & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
(817) 878-0500
Fax: (817) 878-0501
rschwartz@whitakerchalk.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Neal Technologies, Inc.,

    Plaintiff,

v.

Powerstroke Specialty, LLC,

    Defendant.

Case No._____

**PLAINTIFF'S ORIGINAL COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Neal Technologies, Inc. doing business as BulletProof Diesel ("BPD") files this Original Complaint against Defendant Powerstroke Specialty, LLC doing business as Powerstrokehelp.com ("PSH").

## Nature of Action

1.    This is an action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Arizona law for trademark infringement, unfair competition, and false advertising.

## Parties

2.    BPD is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Mesa, Arizona.

3.      PSH is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1046 Parkway Court, Suite D, Buford, GA 30518.  PSH may be served with process by serving its registered agent, Price S. Williams, Jr., 1201 Peachtree Street, N.E., Suite 1750, Fulton County, Atlanta, GA 30361.

## Jurisdiction and Venue

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5.      This Court has personal jurisdiction over PSH because PSH has numerous contacts with Arizona, including actively operating its interactive online subscription website (see ¶¶ 16-18, infra) in Arizona, and it has taken tortious actions and entered into contracts and offer to sell and sold goods and services in this District and this cause of action arises from such activities and contracts.  See **Exhibits D and E**.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims occurred in this District and that PSH has taken tortious actions, entered into contracts and sold goods in this District and this cause of action arises from such actions, contracts and sales [28 U.S.C. § 1391(b)(3) & (c)(2)].

## Factual Allegations

### *BPD and Its Marks*

7.      BPD is an Arizona-based manufacturer and a nationally renowned seller of aftermarket diesel engine parts and related services, including upgraded oil coolers and

EGR kits for Ford Power Stroke® diesel engines, known as "BulletProof" Oil Coolers and "BulletProof" EGR Coolers. In about 2009, BPD's founders invented an ingenious solution to the failing 6.0L Ford Power Stroke Diesel Engine.  This solution, ultimately the subject of numerous U.S. Patents, included an improved EGR Cooler and an improved Oil Cooler System.  BPD branded this specialized diesel engine aftermarket with its BulletProof Marks.  This BPD fix for the Ford Power Stroke Diesel has become the "cure for the 6.0L cancer."  Since at least as early as 2009, and long before PSH adopted and began using its infringing designations, BPD has marketed such goods and services under the inherently distinctive common law BULLETPROOF, BULLET PROOF, BULLETPROOFDIESEL, and BULLET PROOF DIESEL trademarks.  BPD has been using these word marks for at least seven years, resulting in BPD's common law priority ownership of these word marks.  See **Exhibit A** depicting selected pages from BPD's www.bulletproofdiesel.com website.

8.     In addition, since at least as early as June 1, 2009, BPD has continuously used in commerce the BulletProofDiesel.com mark. BPD obtained U.S. Registration No. 4,235,578 on November 6, 2012. A copy of this Registration is attached hereto as **Exhibit B**.  This registration is valid and subsisting.

9.     Similarly, and again since at least as early as June 1, 2009, BPD has continuously used in commerce the BulletProofDiesel.com and Design mark. BPD obtained U.S. Registration 4,262,825 on December 25, 2012:

1
2
3
4
5
6
7
8



A copy of this Registration is attached hereto as **Exhibit C**.  This registration is valid and subsisting.

10.     Collectively, the marks alleged above in Paragraphs 7, 8, and 9 are referred to herein as the "BulletProof Marks."

11.     BPD has invested hundreds of thousands of dollars in advertising, marketing, and promoting its goods and services under the BulletProof Marks.

12.     These marketing and promotional efforts include operating BPD's above-referenced website, www.bulletproofdiesel.com, developed and owned by BPD,  multiple active social media sites and specialized industry forums, and continuous and extensive nationwide advertisements in most of the leading truck magazines (such as *Diesel Power*, *Off Road*, *Diesel World*, *Four Wheeler*, *8-Lug*, and *Truckin*).

13.     To further advertise, market, and promote its BulletProof Marks and enhance its reputation, BPD has spent considerable sums to sponsor racing teams competing in both the Score International Racing Series, which has events in Mexico and California, and the Lucas Oil Off-Road Racing Series, which has events in California, Arizona, Utah, and Nevada. Events from both racing series are broadcast nationally on

the CBS Sports Network.  Further, BPD has sponsored multiple charity events throughout the United States.

14.     BPD has also been the subject of numerous national magazine articles that have prominently featured the BulletProof Marks, including *Off-Road*, *Diesel Power*, *Diesel Tech*, *Diesel World*, *RV*, and *Four Wheeler*.

15.     In addition, BPD has built a successful network of over 250 preferred BULLET PROOF DIESEL parts installers across the United States and Canada, further enhancing brand recognition and consumer loyalty.  For example, BPD has two preferred installers in Georgia—including Elite Truck and Auto Repair of Conyers, GA and Lead Foot Diesel of Monroe, GA, both of which are less than 50 miles from PSH's Buford, GA location.

*DEFENDANT PSH*

16.     Upon information and belief, PSH provides an online informational website at www.powerstrokehelp.com providing instructional and educational material pertaining to the Ford Power Stroke Diesel engines, some of which is offered on a subscription basis to its customers.  Selected pages from PSH's website are attached as **Exhibit D**.

17.     Upon information and belief, PSH is actively selling its "BulletProof" diesel engine parts and related engine repair services on YouTube, www.youtube.com/watch?v=Dv1umtpVgwg.  In its YouTube advertising (**Exhibit E**, screenshot of opening of YouTube ad), PSH claims to provide multiple "BULLETPROOF" goods and services for Ford Power Stroke diesel engines.  PSH falsely claims "the point of bulletproofing is to have the engine upgraded with things we

have perfected," further claiming "bulletproofing is a preventative thing…including the EGR, oil cooler…"   Further, PSH advertises, promotes and sells its "lifetime Bulletproof package."

18.     On or about January 10, 2013, BPD demanded that PSH cease and desist its then acts of infringement of BPD's BulletProof Marks by using such on its then website and on multiple YouTube videos, the same types of actions complained of herein.  On January 18, 2013, PSH agreed to cease and desist such infringing actions.  See **Exhibit F attached hereto**.

19.     Notwithstanding these numerous references to BPD's BulletProof Marks, upon information and belief, PSH does not sell genuine BPD's aftermarket diesel engine parts.  BPD has never granted PSH the right to use BPD's BulletProof Marks in any manner.

20.     The term "bulletproofing" and "BULLETPROOF" and its variants as used in PSH's marketing, advertising, and promotional materials, including on its YouTube advertising, are collectively referred to herein as the "Infringing Designation."

21.     Although not affiliated with or endorsed by BPD in any manner, PSH continues to use the Infringing Designation without BPD's authorization or permission and over BPD's objection.

## Count 1

### *Federal Trademark Infringement*

### *In Violation of Lanham Act § 32 (15 U.S.C. § 1114(1))*

22.     BPD repeats and reasserts all allegations contained in Paragraphs 1 through 21 above as if they were stated in full herein.

23.     This is a claim by BPD for infringement of its trademarks.

24.     The BulletProof Marks are in full force and effect and have never been abandoned.

25.     The BulletProof Marks are inherently distinctive or, alternatively, have acquired distinctiveness through extensive promotion, advertising and industry recognition.

26.     The BulletProof Marks are owned by BPD and are widely used by BPD throughout the United States.

27.     BPD intends to reserve and maintain its rights with respect to the BulletProof Marks and to continue to use its BulletProof Marks in connection with the sale of aftermarket diesel engine parts and related goods, including goods that directly compete with those offered and marketed by PSH under the Infringing Designation.

28.     By virtue of the goodwill and reputation for quality associated with the BulletProof Marks and BPD's extensive efforts at promoting, advertising, and utilizing the BulletProof Marks, the BulletProof Marks have developed a secondary meaning and significance in the minds of those in the market for aftermarket diesel engine parts and related goods and services. The goods and services provided under the BulletProof Marks

are immediately identified by the purchasing public with BPD or as emanating from a single source.

29.     PSH's unauthorized use of the BulletProof Marks and Infringing Designation in order to promote third party aftermarket diesel engine parts for Ford Power Stroke® diesels, as alleged herein, reproduces, counterfeits, copies, colorably imitates, and constitutes infringement of BPD's BulletProof Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the goods and services in violation of 15 U.S.C. § 1141(1).

30.     The actions of PSH complained of herein constitute willful and intentional infringement of the BulletProof Marks in total disregard of BPD's proprietary rights. Those actions were commenced and have continued in spite of PSH's knowledge that the use of any of the BulletProof Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, was and is in direct contravention of BPD's rights.

31.     PSH's unauthorized use of the BulletProof Marks is irreparably damaging to BPD in the form of: (i) loss of income, sales revenue and profits; (ii) interference with BPD's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the goods and services provided in connection with the BulletProof Marks; and (iv) impairment of the goodwill BPD has in its BulletProof Marks. If not enjoined, BPD will suffer irreparable damage to its rights in the BulletProof Marks and its business, reputation, and goodwill.

32.     BPD has no adequate remedy at law.

33.     BPD is entitled to permanent injunctive relief against PSH under 15 U.S.C. § 1116.

34.     BPD is entitled to recover from PSH its profits, all damages that BPD has sustained from PSH's infringement, prejudgment interest, and the costs associated with this action under 15 U.S.C. § 1117.

35.     PSH's conduct renders this an exceptional case. Accordingly, BPD is also entitled to recover from PSH's treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

## Count 2

### Unfair Competition, False Designation of Origin, and False Descriptions

### In Violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a))

36.     BPD repeats and reasserts all allegations contained in Paragraphs 1 through 35 above as if they were stated in full herein.

37.     The BulletProof Marks are each individually distinctive, because they have been used throughout the United States and are well known to the trade and to those in the market for aftermarket diesel truck parts and related goods and services.

38.     Those in the market for aftermarket diesel engine parts and related goods and services associate and identify the BulletProof Marks with BPD and/or the goods and services BPD provides (or associates them with a single source), including without limitation, the manufacturing and sale of EGR coolers and oil coolers branded with the BulletProof Marks and designed specifically for Ford Power Stroke® diesel trucks.

39.     PSH's conduct in the advertising, marketing   and sales of third party aftermarket diesel engine parts and related goods under the Infringing Designation, and PSH's use of the BulletProof Marks, constitutes false designation of origin or sponsorship of PSH's goods and tends falsely to represent that PSH's goods originate from BPD (or from the same source that markets and sells goods under the BulletProof Marks) or that such goods of PSH have been sponsored, approved, or licensed by BPD or are in some way affiliated or connected with BPD, all in violation of 15 U.S.C. § 1125(a).

40.     By way of example, PSH claims to provide "BULLETPROOF" techniques for the Ford Power Stroke diesel engines, yet, upon information and belief, PSH does not sell nor direct its customers to any genuine BPD parts branded with its BulletProof Marks. This is a false or misleading statement of fact that deceives or is likely to deceive potential customers in a material way that are likely to influence the consumer's purchasing decision.

41.     PSH's actions were done willfully in full knowledge of the falsity of such designations of origin and such descriptions or representations and of the statements of fact and with express intent to cause confusion, mislead, and deceive the purchasing public.

42.     PSH's unlawful acts constitute commercial use in interstate commerce.

43.     PSH's unauthorized use of the BulletProof Marks is irreparably damaging to BPD in the form of: (i) loss of income, sales revenue, and profits; (ii) interference with BPD's ability to exploit its rights; (iii) confusion in the marketplace as to the duly authorized source of the goods and services provided in conjunction with the BulletProof

Marks; and (iv) impairment of the goodwill BPD has in its BulletProof Marks. If not enjoined, BPD will continue to suffer irreparable injury to its rights in the BulletProof Marks and to its business, reputation and goodwill.

44.     BPD has no adequate remedy at law.

45.     BPD is entitled to permanent injunctive relief against PSH under 15 U.S.C. § 1116.

46.     BPD is entitled to recover from PSH its profits, all damages that BPD has sustained from PSH's infringement, prejudgment interest, and the costs associated with this action under 15 U.S.C. § 1117.

47.     PSH's conduct renders this an exceptional case. Accordingly, BPD is also entitled to recover from PSH treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.


### **Count 3**

### *Trademark Infringement and Unfair Competition Under Arizona Common Law*

48.     BPD repeats and reasserts all allegations contained in Paragraphs 1 through 47 above as if they were stated in full herein.

49.     BPD is, and at all times mentioned in this Complaint has been, engaged in the business of manufacturing and selling aftermarket diesel engine parts and related services, in association with its BulletProof Marks. BPD owns the registered BulletProof Marks identified herein.

50.     PSH, without BPD's consent, is using a reproduction, counterfeit, copy, or colorable imitation of BPD's BulletProof Marks in connection with selling, offering for sale, or advertising and/or marketing of aftermarket diesel engine parts for Ford Power Stroke® diesel engines.

51.     PSH's use of BPD's BulletProof Marks and/or the Infringing Designation is likely to deceive or cause confusion or mistake as to the source or origin of PSH's provided goods. As alleged in more detail above, PSH's acts constitute federal trademark infringement under Section 32 of the Lanham Act. These acts also constitute trademark infringement and unfair competition under Arizona common law.

52.     Unless PSH is enjoined from the acts complained of, BPD will suffer irreparable harm, for which BPD has no adequate remedy at law. BPD is entitled to an injunction under Arizona law.

53.     BPD is entitled to recover from PSH its lost profits resulting from PSH's infringement.

## **Jury Demand**

BPD demands a trial by jury on all issues so triable.

## **Prayer for Relief**

WHEREFORE, BPD respectfully requests that the Court:

A.     Permanently enjoin PSH from continuing to use the BulletProof Marks (or any derivation of colorable imitation thereof), or any of them, including the Infringing Designation, in conjunction with marketing, promotion and/or sale of aftermarket diesel engine parts and related goods and services;

B.      Compel PSH to destroy all marketing and promotional materials displaying, or to remove therefrom all references to, the Infringing Designations or any other term or mark confusingly similar to BulletProof Marks, or any of them;

C.      Award BPD compensatory and treble damages associated with PSH's past use and infringement of the BulletProof Marks, including but not limited to three times PSH's profits, and three times the damages sustained by BPD as the result of PSH's conduct;

D.      Award BPD its costs incurred herein, prejudgment interest, and attorney's fees; and

E.      Award such further and/or alternative relief this Court deems proper.

Dated: August 17, 2016.          Respectfully submitted,

*/s/Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No. 17869500
rschwartz@whitakerchalk.com
Lead Counsel in Charge
(Pro Hac Vice Pending)

**WHITAKER CHALK SWINDLE
   & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax: (817) 878-0501

**Attorneys for Plaintiff
Neal Technologies, Inc.**